**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Michele Nice</u>

    v.                                       Case No. 22-cv-369-SE

<u>Commissioner, Social Security
Administration</u>

## Report and Recommendation

    Michele Nice, who is proceeding pro se and in forma pauperis, filed a complaint naming the Commissioner of the Social Security Administration as the defendant, along with voluminous medical records, for review of her case. The complaint was referred for preliminary review to determine whether it stated a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(1). Because of the court's limited jurisdiction in social security cases, the court initially gave Nice 30 days to file an amended complaint to show that she had received a final decision from the Commissioner of Social Security on her application for benefits. Doc. no. 4. The court later gave Nice an additional 60 days to file the amended complaint, Doc. no. 5. Nice has not filed an amended complaint or made any other filing to comply with the court's order within the time allowed.

    This court has limited jurisdiction to review decisions by the Social Security Administration. As provided in the prior

order (document no. 4), under 42 U.S.C. § 405(g), this court has jurisdiction to review the final decision of the Commissioner of the Social Security Administration when the complaint seeking review is filed within sixty days of after notice of the final agency decision and when the claimant lives or works in this district. Brown v. Astrue, 11-cv-056-JL, 2011 WL 3664429, at *2 (D.N.H. Aug. 19, 2011); Perry v. Astrue, 10-cv-359-JD, 2010 WL 3429570 (D.N.H. Aug. 30, 2010). Conversely, the court lacks jurisdiction to consider a social security case in which the claimant has not exhausted administrative remedies and the Commissioner has not issued a final decision. Id.

The complaint that Nice filed appears to seek review of a prior appeal rather than a final decision of the Commissioner of the Social Security Administration. For that reason, the court lacks jurisdiction to grant the relief sought in the complaint.

## Conclusion

For the foregoing reasons, the district court should dismiss the complaint filed in this case (document no. 1) for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district

court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 19, 2023

cc: Michele Nice, pro se